# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00267-CR

**Benjamin Diaz, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF RUNNELS COUNTY, 119TH JUDICIAL DISTRICT NO. 5962, HONORABLE BEN WOODWARD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Benjamin Diaz guilty of felony driving while intoxicated. *See* Tex. Penal Code Ann. §§ 49.04 (West 2003), 49.09 (West Supp. 2010). The trial court assessed punishment, enhanced by two previous felony convictions, at twenty-seven years' imprisonment.

Caleb Collins testified that on August 22, 2009, he was employed as a clerk at a Ballinger convenience store. That night, appellant entered the store to pay for gasoline. Collins testified that appellant "smelled like alcohol really bad." As Collins watched, appellant, who was driving a green car, "[sped] off, [and] in the corner there was another car coming and he hit head on." Collins testified that appellant "just went real fast, like he wasn't paying attention, around the corner." Following the collision, appellant "didn't even get out, he just sped off like he was scared." The other vehicle also drove away, in the same direction as appellant. Collins called the police.

Deputy Steven Gray testified that he heard the police radio traffic regarding the hit-and-run accident at 8:59 p.m. Almost immediately, he was flagged down by a driver who gave him information that caused him to drive to appellant's apartment. Gray said that the dispatcher's record showed that he arrived at the apartment at 9:06 p.m. Gray testified that appellant was standing in front of the apartment, looking at a green vehicle that had struck a wooden post. A second green car was also parked at the apartment, but its engine was running and its lights were on.

Gray called for backup, telling the dispatcher that he had found the two vehicles involved in the hit-and-run. Gray then stopped the second vehicle, which was about to leave the scene. The driver of this car was identified as Alice Drake, and she was subsequently arrested for driving while intoxicated. After another officer arrived, Gray turned his attention to appellant. Gray testified that appellant "swayed as he stood and he smelled strongly of an alcoholic beverage." Appellant was arrested and taken to the county jail. A breath test administered at 10:04 p.m. showed that appellant had a 0.146 alcohol concentration.

Drake, who had since married appellant, testified that she was living with appellant on August 22, 2009. Drake acknowledged being the driver of the second car involved in the collision near the convenience store. Drake said that twenty to thirty minutes passed between the time of the collision and her arrest outside the apartment.

Appellant testified that Drake and Jessica Diaz, a relative, had been drinking at the apartment and began to argue. Both women then left the apartment, Diaz on foot and Drake in her car. Appellant said that he began driving around looking for the women. He spotted Diaz and stopped to speak to her. While he was stopped, Drake drove up and bumped his vehicle. Appellant testified that he then drove to the convenience store to purchase gasoline. As he was leaving the

store, Drake ran into him a second time. Diaz insisted that he was not intoxicated at the time of the incident. He said that after returning to his apartment, he drank four beers before the officers arrived.

Appellant's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 744 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969).

After receiving a copy of counsel's brief and examining the appellate record, appellant filed a pro se brief. We will briefly explain why appellant's contentions lack arguable merit. *See Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009); *Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).

Appellant contends that the evidence is legally and factually insufficient to sustain the guilty verdict. We no longer employ the factual sufficiency standard. When there is a challenge to the sufficiency of the evidence, the only question presented is whether, after viewing all the evidence in the light most favorable to the verdict, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010).

Appellant's challenge to the sufficiency of the evidence is based on his contention that he was not intoxicated at the time of the accident, but he became intoxicated after he returned

3

home and drank four beers. This argument lacks arguable merit because it assumes the truth of appellant's testimony and fails to view the evidence in the light most favorable to the verdict.

Appellant further contends that his trial counsel rendered ineffective assistance. This contention lacks arguable merit because it is based on assertions of fact that are outside the record.

In a supplemental pro se brief, appellant contends that the two felony convictions used for enhancement pursuant to section 12.42(d) were not committed in the required sequence. *See* Tex. Penal Code Ann. § 12.42(d) (West Supp. 2010). This contention lacks arguable merit because it is based solely on the enhancement allegations in the indictment. Although the indictment misstated the sequence of convictions, the penitentiary records introduced in evidence show that the offenses for which appellant had been previously convicted were committed in the prescribed sequence.

We have reviewed the record and find no reversible error. *See Garner*, 300 S.W.3d at 766; *Bledsoe*, 178 S.W.3d at 826-27. We agree with counsel that the appeal is frivolous. Counsel's motion to withdraw is granted.

The judgment of conviction is affirmed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Affirmed

Filed: April 7, 2011

Do Not Publish

4